IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

JOHN W. ODUM,          :

    Plaintiff,     :

vs.                    :     CASE NO.: CV204-190

RAYONIER, INC.,        :
STEVE WORTHINGTON, JOHN
ENLOW, DON RAY, AND JOHN DOE, :

    Defendants.    :

## ORDER

Having read and considered all written matter relating to Plaintiff's Motion To Compel and further addressed the Motion at a Hearing of July 8, 2005, and finding that the interests of justice so-require, the Motion is granted and Defendants are ordered as follows:

1.    The full personnel employee files (Ray, Enlow, Worthington, and Thornton) shall be made available for review by Plaintiff's counsel at Rayonier's Southeast Forest Resources headquarters in Fernadina Beach, Florida where these files are maintained. Upon review, Plaintiff's counsel may then flag documents he wishes to be produced from the files. All documents identified by Plaintiff's counsel shall be produced within 3 business days following Plaintiff's review. To the extent that Defendants object to the production of any documents, Defendants shall identify those documents to Plaintiff's counsel. Only Plaintiff's counsel shall review documents objected to by Defendants. Defendants shall have 3 days from the production of the documents to file a Motion for

1

Protective Order with the Court and the objected to documents may be filed with the Court under seal. If the Court grants the Motion for Protective Order, Plaintiff's counsel shall return said objected-to documents to Defendants' counsel. Plaintiff's counsel shall make no copies of the objected-to documents until and unless the Court denies Defendants' Motion for Protective Order.

2. Personnel evaluations as to employees in the similar "wood buyer" category as occupied by Plaintiff for the years 1995-2004 will be produced to Plaintiff's counsel within 5 business days of the date of this Order. These evaluations may be redacted to exclude identifying information as to the particular employees, e.g. names, social security numbers, birthdates, etc.

3. Matter relating to bonuses paid to employees in the same or similar job category as Plaintiff (wood buyer, senior wood buyer or the like) for the years 1995-2004 will be produced to Plaintiff's counsel within five days of the date of this Order. Such matter may be redacted to exclude the names of the employees who are the subject of such bonuses.

4. Defendants are further ordered to produce to Plaintiff within five days of the date of this Order all matter responsive to Plaintiff's Requests For Production Nos. 9, 12 and 13. If, as Defendants' counsel suggested at the Hearing, there is no such matter, Defendants may so indicate by supplemental discovery responses.

It is further ordered that all matter produced pursuant to this Order be maintained by Plaintiff in strict compliance with the Protective Order herein.

So ORDERED this 15th day of July, 2005.

U.S. MAGISTRATE JUDGE

2