# United States District Court
# for the Southern District of Georgia
# Brunswick Division

JOHN W. ODUM,                         :         CIVIL ACTION

    Plaintiff,                       :

        v.                             :

RAYONIER, INC., STEVE                 :
WORTHINGTON, JOHN ENLOW,
DON RAY, and JOHN DOE,                :

    Defendants.                      :         NO. CV204-190


### O R D E R

Plaintiff, John W. Odum, filed this action against Defendants, Rayonier, Inc., Steve Worthington, John Enlow, Don Ray, and John Doe, pursuant to 42 U.S.C. § 1985(2), alleging that Defendants conspired to deter him from testifying truthfully in federal court, and retaliated against him after he testified. Presently before the Court is Defendants' motion seeking summary judgment. For the following reasons, Defendants' motion will be **GRANTED IN PART and DENIED IN PART**.

AO 72A
(Rev. 8/82)

**FACTS**

Odum began his employment with Defendant, Rayonier, Inc. ("Rayonier"), on August 15, 1973. Although his job title changed, Odum's employment at Rayonier generally consisted of cruising timber tracts and bidding on the timber to purchase on Rayonier's behalf.

In 1999, a third party wood producer sued Rayonier in this Court. See Lewis v. Rayonier, Inc., Civil Action No. 299-363. At trial, Odum offered highly damaging testimony against Rayonier. In October 2000, a jury verdict was rendered against Rayonier for approximately $1.2 million.

In mid-2000, Defendant, Don Ray, became Odum's supervisor. Ray had previously supervised Odum during a period of approximately 5 years, beginning in 1991. During that period, Ray's evaluations of Odum's performance were "consistently very good". Similarly, Ray acknowledged that Odum fully met all Rayonier objectives from mid-2000 through the first half of 2001.

Odum alleges that two critical events occurred in late summer of 2001. First, Odum declined Steve Worthington's final request that Odum participate in Defendants' efforts to "get" Lewis, the third-party wood producer who sued and prevailed in

the federal court proceedings. Second, Worthington placed Defendant, John Enlow, in the position of supervisor over Ray.

Odum asserts that Defendants began their alleged retaliatory actions in the Fall of 2001 in an effort to coerce him into quitting his job. The specific retaliatory acts alleged by Odum include: (1) moving him from his home; (2) providing negative March 27, 2002, employment evaluation; (3) establishing unreasonable requirements for performance improvement; and (4) fabricating additional transgressions. Plaintiff alleges that he suffered a nervous breakdown as a result of Defendants' retaliatory acts and has not been able to return to work since December 13, 2002.

## DISCUSSION

I. **Summary Judgment Standard**

Summary judgment is appropriate when no genuine issues remain and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). In so doing, all facts and reasonable inferences are to be construed in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962); Sweat v. Miller Brewing Co., 708 F.2d 655, 656 (11th Cir. 1983). The

3

AO 72A
(Rev. 8/82)

party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990). A factual dispute may be created even when opposing party's inferences are less probable than those inferences in favor of the movant, as long as they may reasonably be drawn from the facts. WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988).

## II. Statute of Limitations

It is clearly established that the applicable statute of limitations for claims under section 1985 is determined by the period of limitations for state law personal injury claims. Trawinski v. United Techs., 313 F.3d 1295, 1298 (11th Cir. 2002). Federal law, however, determines when a federal civil rights claim accrues and the statute of limitation begins to run. Kelly v. Serna, 87 F.3d 1235, 1238-39 (11th Cir. 1996); Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987). The general rule is that "'the statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with

a reasonably prudent regard for his rights.'" Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996) (quoting Mullinax, 817 F.2d at 716). Under this rule, a claim accrues when the injured party knew or should have known both that he has suffered the injury that forms the basis of his complaint, and who inflicted that injury. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003), cert. denied, 540 U.S. 1219, 124 S. Ct. 1508, 158 L.Ed.2d 154 (2004); Mullinax, 817 F.2d at 716. Therefore, a court must first identify the alleged injuries, and then determine when plaintiff could have first sued for them. Rozar, 85 F.3d at 561-62 (quoting Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993)).

There are four distinct clauses in 42 U.S.C. § 1985(2), each creating a distinct cause of action. See Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1126 (10th Cir. 1994). Upon review of the record, it appears to the Court that Plaintiff has asserted a claim against Defendants for conspiracy to deter his testimony in the Lewis case, and a second claim against Defendants for conspiracy to retaliate against him because of his testimony. Thus, the Court will address each claim separately on the statute of limitations issue.

AO 72A
(Rev. 8/82)

### A.  Deterrence Claim

In support of his deterrence claim, Odum alleges that Defendants made repeated efforts to pressure and intimidate him to "shape" his recall and alter his testimony at the <u>Lewis</u> trial to fit Rayonier's interests. Thus, Plaintiff's alleged injury was the pressure and intimidation asserted by Defendants. Plaintiff has offered no evidence demonstrating that he did not know who inflicted the injuries at that time. Thus, the statute of limitations on Plaintiff's deterrence claim accrued, at the latest, in October 2000, when he testified at the <u>Lewis</u> trial. Therefore, the Court concludes that this claim, filed on December 9, 2004, is time-barred under the applicable two year statute of limitations.

### B.  Retaliation Claim

In support of his retaliation claim, Plaintiff alleges that Defendants began a process of abuse against him in retaliation for testifying at the <u>Lewis</u> trial that ended only when he had a nervous breakdown and was unable to return to work. Specially, Odum alleges that Defendants: (1) moved him from his home; (2) provided a negative employment evaluation

on March 27, 2002; (3) established unreasonable requirements for performance improvement; and (4) fabricated additional transgressions, all in an effort to coerce him to quit his job.

The Court, construing the evidence most strongly against Defendants as movants and giving Plaintiff the benefit of all reasonable doubt, concludes that genuine issues preclude summary judgment on this issue. Plaintiff asserts that he was not aware of the extent of his injury, or the nature of Defendants' conspiracy, until, at the earliest, he suffered the nervous breakdown and was unable to return to work on December 13, 2002. Thus, questions remain whether Odum knew, or through reasonable diligence should have discovered, his injury and that the injury resulted from Defendants alleged conspiratory actions within two years of filing the instant action on December 9, 2004. Since this is a disputed issue of material fact, it must be decided by a jury.

### III.    42 U.S.C. § 1985(2)

Section 1985 provides a vehicle to redress conspiracies to interfere with civil rights. Farese v. Scherer, 342 F.3d 1223, 1230 (11th Cir. 2003) (citing Childree v. UAP/GA AG CHEM, Inc.,

AO 72A
(Rev. 8/82)

92 F.3d 1140, 1146-47 (11th Cir. 1996)). Subsection (2) provides a cause of action to victims of conspiracies when:

> two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . .

42 U.S.C. § 1985(2). To prevail on a claim for retaliation under 42 U.S.C. § 1985(2), the plaintiff must prove: (1) a conspiracy existed; (2) retaliation spawned by the attendance or testimony in federal court; (3) an act in furtherance of the conspiracy; and (4) injury. Foster v. Pall Aeropower Corp., 111 F. Supp.2d 1320 (M.D. Fla. 2000) (citing Brever, 40 F.3d at 1119).

Defendants assert that Odum has failed to establish that they retaliated against him in violation of 42 U.S.C. § 1985(2). Specifically, Defendants argue that Odum has failed to offer any evidence in the record of: (1) a conspiracy; (2) retaliation caused by his trial testimony; (3) an act in furtherance of a conspiracy; and (4) an injury caused by any alleged retaliatory act of Defendants.

AO 72A
(Rev. 8/82)

## A. Evidence of Conspiracy

Defendants assert that Plaintiff's retaliation claim fails as a matter of law because there is no evidence of a conspiracy. Defendants place significant weight on Plaintiff's deposition testimony that he did not know of any particular meetings attended by Defendants, or have any information that would support an allegation of harassment in concert.

To show a conspiracy under § 1985(2), plaintiff must establish a "meeting of the minds or agreement among the defendants." Brever, 40 F.3d at 1126. By their nature, conspiracies "must almost always be proven by inferences that may be fairly drawn from the behavior of the alleged conspirators." Delong Equip. Co. v. Washington Mills Abrasive Co., 887 F.2d 1499, 1515 (11th Cir. 1989), reh'g denied, 896 F.2d 560, cert. denied, 494 U.S. 1081, 110 S. Ct. 1813, 108 L.Ed.2d 943 (1990) (citing H.L. Moore Drug Exch. v. Eli Lilly & Co., 662 F.2d 935, 941 (2nd Cir. 1981), cert. denied, 459 U.S. 880, 103 S. Ct. 176, 74 L.Ed.2d 144 (1982)). Circumstantial evidence can establish the existence of a conspiracy to commit unconstitutional acts under 42 U.S.C. § 1985. See Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 792 (11th Cir. 1992), cert. denied, 507 U.S.

1018, 113 S. Ct. 1814, 123 L.Ed.2d 445 (1993). At a minimum, however, "'the circumstances [must be] such as to warrant a jury in finding that the conspirators had a unity of purpose of a common design and understanding, or a meeting of minds in an unlawful agreement.'" DeLong Equip. Co., 887 F.2d at 1515 (quoting Am. Tobacco Co. v. United States, 328 U.S. 781, 810, 66 S. Ct. 1125, 1139, 90 L.Ed. 1575 (1946)). After a careful review of the record, the Court concludes that Plaintiff has submitted sufficient circumstantial evidence regarding the elements necessary for a conspiracy to withstand Defendants' summary judgment motion.

### B. Intracorporate Conspiracy Doctrine

> The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. Simply put, the doctrine states that under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves.

Kirwin v. Price Communications Corp., 391 F.3d 1323, 1326 (11th Cir. 2004) (quoting McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1035 (11th Cir. 2000) (en banc)); Farese, 342 F.3d at 1230 n.8; Denney v. City of Albany, 247 F.3d 1172, 1190 (11th

Cir. 2001). The Eleventh Circuit has long recognized, however, that the intracorporate conspiracy doctrine does not apply to bar a claim alleging a criminal conspiracy among a corporation and its employees. See McAndrew, 206 F.3d at 1041.

In McAndrew, the Eleventh Circuit extended the criminal conspiracy exception to a claim alleging conspiracy among the corporate officers and the corporation itself to deter an individual from testifying in federal court. In reaching its decision, the court "conclude[d] that the criminal conspiracy exception to the intracorporate conspiracy doctrine applies regardless of whether the criminal conspiracy arises under 18 U.S.C. § 371 or under 42 U.S.C. § 1985." Id.

The Court sees no reason why the analysis in McAndrew should not equally apply to Plaintiff's allegation that Defendants retaliated against him for testifying in the Lewis trial as such conduct is no less a criminal conspiracy arising under 18 U.S.C. § 371 of the federal criminal code[1]. Thus, the intracorporate conspiracy doctrine cannot shield Defendants from civil liability.

---

[1] 18 U.S.C. § 371 is violated:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy . . .

### C. Retaliatory Acts

Defendants argue that the alleged conduct does not rise to the level of actionable retaliation under § 1985. Otherwise legal acts, when conducted to retaliate against an individual for exercising a constitutional right, are prohibited. See 42 U.S.C. § 1985(2). Although an employer has a right to utilize its employees to its advantage, and the Court will generally not interfere with these business decisions, requiring an employee to move, submitting false evaluations, establishing unreasonable requirements for performance improvement, and fabricating additional transgressions, when done for the *sole purpose* of retaliating against the employee for testifying in federal Court, is not permitted. The Court finds that Plaintiff has offered sufficient evidence of a retaliatory act to survive summary judgment.

### D. Injury

Finally, Defendants assert that their conduct did not "injure" Odum in his "person or property" within the meaning of § 1985(2). Defendants argue that Plaintiff's retaliation claim must fail because Plaintiff has failed to establish any

AO 72A
(Rev. 8/82)

injury to his property or person caused by Defendants' alleged retaliatory conduct. In Haddle v. Garrison, 525 U.S. 121, 119 S. Ct. 489, 142 L.Ed.2d 502 (1998), the Supreme Court held that "third-party interference with at-will employment relationships[ ] states a claim for relief under § 1985(2)." The Court reasoned that because "[t]he gist of the wrong at which § 1985(2) is directed is not deprivation of property, but intimidation or retaliation against witnesses in federal-court proceedings," the loss of at-will employment can injure a plaintiff for purposes of the statute even though he or she lacks a property interest for purposes of the Due Process Clause. Id. at 125-26, 119 S. Ct. 489.

The Court concludes that a jury could reasonably find that Defendants' alleged conduct interfered with Odum's employment within the meaning of Haddle. Furthermore, Odum has offered evidence that he suffered an economic injury as a result of the alleged conduct: he suffered a nervous breakdown and has been unable to return to work. Thus, Odum has sufficiently demonstrated an injury to survive Defendants' summary judgment motion.

### III.    Punitive Damages

While generally disfavored, punitive damages are awarded to punish defendants to deter future wrongdoing. Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir. 2000); McCabe v. Excel Hospitality, Inc., 294 F. Supp. 2d 1311 (M.D. Fla. 2003) (citing Ferrill v. The Parker Group, Inc., 168 F.3d 468, 476-77 (11th Cir. 1999)). Under well-settled federal law, punitive damages in a federal civil rights case are authorized only where the jury finds that the defendant was motivated by an evil motive or intent, or where he acted with reckless or callous indifference to federally protected rights. Anderson v. City of Atlanta, 778 F.2d 678, 688 (11th Cir. 1985) ( citing Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625, 75 L.Ed.2d 632 (1983)). Under this standard, a plaintiff must produce evidence either showing "'an intent to harm'" or a "'serious disregard for the consequences of [one's] actions.'" Ferrill, 168 F.3d at 476 (quoting Splunge v. Shoney's, Inc., 97 F.3d 488, 491 (11th Cir. 1996)).

Defendants argue that Plaintiff has failed to produce any evidence of malice or reckless indifference. At this stage, the Court cannot conclude, however, that Defendants' actions were not undertaken with a "serious disregard" of Plaintiff's

14

protected rights. If true, Plaintiff's allegation that Defendants conspired to retaliate against him for exercising his civil right to testify in federal court arguably constitutes both an "intent to harm" and a "serious disregard" of Plaintiff's rights. Therefore, the Court concludes that there is enough evidence for the issue of punitive damages to go to a jury.

### IV. State Law Claims

In Count II of the complaint, Odum alleges an unspecified intentional tort claim. Plaintiff does not oppose Defendants' assertion that the state law claim should be dismissed as unsupported by the evidence of record. Upon review of the record, the Court, similarly, finds no basis in fact for an intentional tort claim. Thus, Defendants are entitled to summary judgment on Odum's state law claim.

### CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Defendants' motion seeking summary judgment (Doc. No. 33) is **GRANTED IN PART and DENIED IN PART**. Defendants' motion seeking

15

AO 72A
(Rev. 8/82)

summary judgment on Odum's deterrence claim and state law claim is **GRANTED**. Defendants' motion seeking summary judgment on Odum's retaliation claim is **DENIED**.

    **SO ORDERED**, this 14th day of December, 2005.

                                /s/ Anthony A. Alaimo
                                JUDGE, UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF GEORGIA