# United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JOHN W. ODUM, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| RAYONIER, INC., STEVE WORTHINGTON, JOHN ENLOW, DON RAY, and JOHN DOE, | : | |
| Defendants. | : | NO. CV204-190 |

## O R D E R

On October 31, 2006, trial commenced in this action on the complaint of Plaintiff, John Odum ("Odum"), alleging retaliation in violation of 42 U.S.C. § 1985(b). On November 3, 2006, the jury returned a verdict in favor of Odum, assessing compensatory damages in the amount of $656,814.04 and punitive damages in the amount of $1,650,000. Presently before the Court is Defendants' Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial. Having conducted the trial in this matter and having studied the parties' briefs, the applicable law and the record as a whole,

including the Court's previous orders in this matter, the Court concludes that Defendants' motion will be **DENIED**.

## BACKGROUND

On December 9, 2004, Plaintiff filed suit in this Court against Defendants, alleging that Defendants conspired to deter Plaintiff from testifying in a federal court proceeding and conspired to retaliate against him after he did so testify, all in violation of 42 U.S.C. § 1985(2) and an unspecified state tort law. In addition, Plaintiff sought punitive damages for Defendants' alleged intentional acts. By Order dated December 14, 2005, the Court granted Defendants' summary judgment motion on Plaintiff's deterrence and state law claims.

On October 31, 2006, the trial of this case began on Plaintiff's conspiracy to retaliate and punitive damage claims. The presentation of evidence and witnesses lasted three days. Defendants made a motion for judgment as a matter of law at the close of Plaintiff's evidence and again at the close of all the evidence.

The jury returned a verdict in favor of Plaintiff, assessing damages in the amount of $656,814.04. After the return of the verdict on liability and compensatory damages,

AO 72A
(Rev. 8/82)

additional testimony was presented in support of Plaintiff's claim for punitive damages. The Court provided the jury with further instructions and a verdict form addressing the punitive damages issue. The jury returned a verdict in Plaintiff's favor on the issue of punitive damages in the amount of $1,650,000.

Defendants timely filed the instant Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial. Defendants contend that they are entitled to a directed verdict on Plaintiff's claims on any of the following grounds: Plaintiff's claims are barred by the statute of limitations; any alleged retaliation by Defendants was related to Plaintiff's refusal to participate in a state court criminal proceeding, not testimony in a federal proceeding as required for a claim pursuant to 42 U.S.C. § 1985(b); no evidence was presented at trial establishing the existence of a conspiracy or of any covert act in furtherance of a conspiracy; no evidence was presented at trial of any actionable retaliation; and an award of punitive damages was not supported by the evidence.

AO 72A
(Rev. 8/82)

**DISCUSSION**

I. **Renewed Motion for Judgment as a Matter of Law**

A motion for judgment as a matter of law as to a particular issue should be granted when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-movant] on that issue." Fed. R. Civ. P. 50(a)(1); Wood v. Green, 323 F.3d 1309, 1312 (11th Cir. 2003), cert. denied, 540 U.S. 982, 124 S.Ct. 467, 157 L.Ed.2d 373 (2003) (quoting United States Steel, L.L.C. v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001)). Thus, as the Eleventh Circuit has explained,

> [t]he jury's verdict must stand unless there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. It is the jury's task — not ours — to weigh conflicting evidence and inferences, and determine the credibility of witnesses. If reasonable jurors could reach different results, we must not second-guess the jury or substitute our judgment for its judgment.

Shannon v. Bellsouth Telecomms., Inc., 292 F.3d 712, 715 (11th Cir. 2002) (internal punctuation and citations omitted.)

Defendants raise several arguments in support of their motion for judgment as a matter of law relating to the sufficiency of the evidence. Defendants argue that Plaintiff introduced no evidence at trial establishing either a conspiracy, a covert act in furtherance of any conspiracy, or

4

any actionable retaliation[1], as required by 42 U.S.C. § 1985(b). Defendants further argue that the punitive damage award was not supported by the evidence. The Court is not convinced by any of these arguments. The jury attentively listened to the witnesses and had an ample opportunity to review the exhibits when they were published at trial and during deliberations. Moreover, the jury was carefully instructed on all of the applicable law. The Court is persuaded that there exists a legally sufficient evidentiary basis in support of every aspect of the jury's verdict challenged by Defendants in the instant motion for judgment as a matter of law.

Defendants raise several legal arguments previously addressed by the Court. In its December 14, 2005, Order (Doc. No. 74), the Court addressed Defendants' arguments that Plaintiff's § 1985 claim was barred by the applicable statute of limitations and the intracorporate conspiracy doctrine. In the Court's January 18, 2006, Order (Doc. No. 99), the Court addressed Defendants' objections to the testimony of

---

[1] Defendants assert that the only evidence of retaliation was related to a state court proceeding, not a federal proceeding as required by § 1985(b), and that the 17-month gap between the federal proceeding at which Plaintiff testified and the March 27, 2002, evaluation was too long as a matter of law to establish the requisite causal link.

5

Plaintiff's treating physicians. For the reasons set forth in its previous orders, the Court concludes that these arguments are without merit.

After careful consideration of the evidence presented at trial, the Court finds it necessary to elaborate upon only two of Defendants' numerous grounds. Defendants argue that the statute of limitations on Plaintiff's § 1985 claim began running on March 27, 2002, the date Plaintiff received the "5" performance rating or, at the latest, on November 14, 2002, the date Plaintiff's doctor testified that he told Plaintiff to either "quit his job or die." (Defs.' Memo. in Supp. of Renewed Mot. for J. as a Matter of Law at 3-4.) Throughout this litigation, and particularly at trial, Defendants have averred that the sole action alleged to have been taken by Defendants in retaliation for Plaintiff's testimony was providing Plaintiff with a negative job evaluation on March 27, 2002.

Based upon the evidence Plaintiff introduced at trial, however, a jury could infer that Plaintiff was subjected to an ongoing campaign by Defendants to force Plaintiff to quit his job at Rayonier, which succeeded when Plaintiff suffered a nervous breakdown on December 13, 2002, after his supervisor

AO 72A
(Rev. 8/82)

confronted him regarding his "slip[] to the five level" in his performance rating based on allegedly fabricated transgressions. (See Trial Tr. Vol. II 57:23-58:9.) Further, the jury was carefully instructed on the applicable law with regard to Defendants' statute of limitations defense. Accordingly, the Court concludes there exists a legally sufficient evidentiary basis for a reasonable jury to have found for Plaintiff on this issue.

Finally, Defendants argue that the Court erred in admitting the testimony of Plaintiff's treating physicians because the treating physicians were not qualified to testify as to causation.[2] Courts have routinely permitted treating physicians to provide opinion testimony without submitting a written report, unless the physician's testimony extends beyond those facts and opinions characteristically related to the care and treatment of the patient. Zurba v. United States, 202 F.R.D. 590, 591-92 (N.D. Ill. 2001) (Treating physician is not considered retained expert, and thus need not submit expert witness disclosure, if his testimony is based on observations

---

[2] Defendants further argue that the Court erred in admitting the testimony of Plaintiff's treating physicians because the treating physicians were not identified as experts as required by Federal Rule of Civil Procedure 26. This ground was adequately addressed in the Court's January 18, 2006, Order. (See Doc. No. 99.)

7

made during course of treatment, testimony was not "acquired or developed in anticipation of litigation or for trial," and testimony is based on personal knowledge, including testimony as to causation.); Elgas v. Colo. Belle Corp., 179 F.R.D. 296, 298 (D. Nev. 1998) (Since a treating physician's opinion on matters such as "causation, future treatment, extent of disability and the like" are part of the ordinary care of a patient, a treating physician may testify to such opinion without being subject to the extensive reporting requirements of Rule 26(a)(2)(B)."); Shapardon v. West Beach Estates, 172 F.R.D. 415, 417 (D. Haw. 1997) ("As a general rule, a treating physician considers not just the plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries.").

Similarly, Defendants' argument that the treating physicians' testimony should have been disqualified under Daubert is without merit. Specifically, Defendants argue that the treating physicians' testimony as to causation was unreliable because the physicians were unaware of other stressful events in Plaintiff's life which were potential causes of Plaintiff's nervous breakdown.

Pursuant to Federal Rule of Evidence 702,

[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand

8

the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise[.]

In order for expert testimony to be admissible, however, the testimony must be both relevant and reliable. McDowell v. Brown, 392 F.3d 1283, 1298 (11th Cir. 2004) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 2786, 125 L.Ed.2d 469 (1993)).

Although the Supreme Court in Daubert listed several factors to be considered in assessing the reliability of expert testimony, it emphasized that the trial court's inquiry under Rule 702 is a flexible one. Daubert, 509 U.S. at 594, 113 S. Ct. at 2797. The focus must be on the principles and methodologies on which the expert's opinion is based, and not on the merits of the expert's conclusions. Id., 509 U.S. at 595, 113 S.Ct. at 2797.

The treating physicians in the instant case grounded their opinions on a range of factors, including their care and treatment of Plaintiff, as well as their training and experience. Defendants' argument goes to the weight of the treating physicians' opinions, not to their admissibility. The Supreme Court did not intend that the trial court's gatekeeper role "supplant the adversary system or the role of the jury:

'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" Allison v. McGhan Med. Corp., 184 F.3d 1300, 1311 (11th Cir. 1999) (quoting Daubert, 509 U.S. at 596, 113 S.Ct. 2786).

Defendants in the instant case were afforded an opportunity to do just that. The treating physicians were identified as fact witnesses in Plaintiff's Initial Disclosures and Defendants' counsel deposed them prior to trial. At trial, Defendants' had the opportunity to offer contrary expert opinion and, over Plaintiff's objections, Defendants' counsel was permitted to question the treating physicians as to other stressful events in Plaintiff's life and their potential as the cause of Plaintiff's nervous breakdown. Thus, Defendants are not entitled to judgment as a matter of law on this ground.

## II. Motion for New Trial

In the alternative, Defendants contend that they are entitled to a new trial. Pursuant to Federal Rule of Civil Procedure 59(a)(1), a motion for a new trial may be granted as to all or any of the parties and on all or part of the issues

tried to a jury "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." A motion for new trial may only be granted when the jury's verdict is against the great weight of the evidence. Carter v. DecisionOne, Corp., 122 F.3d 997, 1004 (11th Cir. 1997).

Defendants contend that the verdict rendered by the jury after this three day trial is against the great weight of the evidence. The Court does not agree. The Court has considered each and every one of these grounds and finds them to be wholly without merit. Defendants' failure to object to the Court's instruction on the applicable law clearly fortifies the Court's conclusion that the jurors were able to properly consider all of the facts in rendering their decision. For the reasons more fully stated above, the Court finds no error with regard to evidentiary rulings or the Court's application of the relevant law. Further, the Court finds no grounds for a new trial based on the great weight of the evidence.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above,

AO 72A
(Rev. 8/82)

Defendants' Renewed Motion for Judgment as a Matter of Law or, in the Alterative, Motion for a New Trial (Doc. No. 157) is **DENIED**.

**SO ORDERED**, this ____5____ day of July, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)