**United States District Court
for the Southern District of Georgia
Brunswick Division**

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2007 JUL -5 A 11: 16
CLERK
SO. DIST. OF GA.

JOHN W. ODUM, : CIVIL ACTION

    Plaintiff, :

    v. :

RAYONIER, INC., STEVE :
WORTHINGTON, JOHN ENLOW,
DON RAY, and JOHN DOE, :

    Defendants. : NO. CV204-190


## O R D E R

This case is presently before the Court on Defendants' objection to the bill of costs filed by Plaintiff. Having examined Plaintiff's bill of costs and Defendants' objections thereto, said objections will be **SUSTAINED IN PART** and **OVERRULED IN PART**.

### DISCUSSION

Plaintiff has requested the Clerk to tax costs in the amount of $9,811.46. Defendants object to the amount Plaintiff seeks to tax as costs fees for the second deposition transcript

of Plaintiff, fees for the deposition transcript of witnesses deposed for investigative purposes only, and appearance fees for witnesses subpoenaed to trial.[1]

In his Reply, Plaintiff has withdrawn his request to tax as costs fees for the seven witnesses deposed for investigative purposes. Thus, the only remaining objections are to fees for the second transcript of Plaintiff and appearance fees for witnesses subpoenaed at trial.

Rule 54(d) of the Federal Rules of Civil Procedure provides for allowance of costs to the prevailing party. It states, in part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . .

Fed. R. Civ. P. 54(d). There is a strong presumption under this rule in favor of awarding costs. Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007); Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001).

A district court, however, does not have unfettered discretion to reimburse a prevailing party, and must limit its

---

[1] Defendants further argued that Plaintiff's motion was procedurally improper for failure to provide a verification of the bill of costs as required by 28 U.S.C. § 1924. Plaintiff's counsel has cured this defect by submitting the requisite affidavit. (See Aff. attached to Pl.'s Reply in Supp. of his Mot. to Recover Costs.)

2

award of costs to the list of items set forth in 28 U.S.C. § 1920 and other related statutes. Maris Distrib. Co. v. Anheuser-Busch, Inc., 302 F.3d 1207, 1225 (11th Cir. 2002), cert. denied, 537 U.S. 1190, 123 S.Ct. 1260, 154 L.Ed.2d 1023 (2003); E.E.O.C. v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)), reh'g & reh'g en banc denied, 233 F.3d 580 (2000). These items include fees of the court reporter for the stenographic transcript necessarily obtained for use in the case and fees and disbursements for witnesses. 28 U.S.C. §§ 1920(2) & (3).

## I. Plaintiff's Second Deposition

Under 28 U.S.C. § 1920(2), taxable costs may include fees of the court reporter for "all or any part of the stenographic transcript necessarily obtained for use in the case." Depositions are included in the phrase "stenographic transcript." W & O, Inc., 213 F.3d at 620 (citing United States v. Kolesar, 313 F.2d 835, 837-38 (5th Cir. 1963)). District courts have great latitude in determining whether a deposition was "necessarily obtained" for use in the case. Id. "The determination of necessity is made from the perspective of the litigant at the time of incurring the expense, not from

3

hindsight after trial." Coleman v. Roadway Express, 158 F. Supp. 2d 1304, 1310 (M.D. Ala. 2001); see also Maris Distrib. Co., 302 F.3d at 1224-25.

Defendants argue that they should not be required to pay the cost of Plaintiff's second deposition because it would not have been necessary had Plaintiff complied with Federal Rule of Civil Procedure 26(a)(1)(C) which mandates that a party must provide a computation of damages claimed. As a result of Plaintiff's failure to disclose the requisite computation in any of his discovery responses, the Court permitted Defendants to re-depose Plaintiff on this issue. (See Doc. No. 111.) Because the cost of Plaintiff's second deposition would not have been incurred had Plaintiff provided the computation of damages as previously requested, the $64 deposition fee for Plaintiff's second deposition is disallowed.

## II. Appearance Fees

Plaintiff has requested $3,975.73 in appearance fees for four witnesses subpoenaed to trial. Witness fees are recoverable pursuant to 28 U.S.C. § 1920(3). However, "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28

AO 72A
(Rev. 8/82)

U.S.C. § 1821 and § 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987); Artisan Contractors Ass'n of Am., Inc. v. Frontier Ins. Co., 275 F.3d 1038, 1040 (11th Cir. 2001). The Supreme Court has expressly held that § 1988 does not empower a district court to award expert fees to a prevailing party. See Arlington Cent. School Dist. Bd. of Educ. v. Murphy, 126 S.Ct. 2455, 2462, 165 L.Ed.2d 526 (2006) (citing W. Va. Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 102, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991)). Under § 1821(b), a prevailing party may recover witness fees of up to $40 per day and travel expenses up to 100 miles for the appearance of witnesses at trial. Accordingly, the Court will tax to Defendant witness appearance fees in the amount of $200.[2]

## CONCLUSION

For the foregoing reasons, Defendants' objections to Plaintiff's bill of costs (Doc. No. 168) is **SUSTAINED IN PART and OVERRULED IN PART.** The Court concludes that Plaintiff is entitled to recover a total of $4,383.37.

---

[2] One of Plaintiff's witnesses, Dr. Barbara Davanzo, testified at trial on October 31, 2006, and November 1, 2006.

AO 72A
(Rev. 8/82)

Defendants' objections to the bill of costs in the amount of $64 for Plaintiff's second deposition and witness appearance fees in excess of $40 per day are **SUSTAINED**. Defendants' remaining objections are **OVERRULED**.

The Clerk of Court is hereby **AUTHORIZED and DIRECTED** to tax costs in the amount of $4,383.37 against Defendants.

**SO ORDERED** this \_\_\_\_5\_\_\_\_ day of July, 2007.

> [signature]
> JUDGE, UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)